UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL E. KINCAID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CV-3053 |
| | ) | |
| SANGAMON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff pursues claims for deliberate indifference to his serious medical needs during his detention in the Sangamon County Jail. The case is set for a status conference on June 11, 2012. Before the Court are the pending motions which can be addressed in order to streamline the conference.

IT IS THEREFORE ORDERED:

1) The motion to substitute the United States for the federal Defendants (Cowdrey and the U.S. Marshals Service) is denied (d/e 48).

1

The United States does not address the possibility that Plaintiff is pursuing a Bivens claim against Defendant Cowdrey individually, which appears to be what Plaintiff intends to do. (*See* d/e 2, "This statement is to become part of my complaint . . . against those entities, employees and/or persons named in my 1983/Bivens action submitted to this court . . . ."). *See* Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Plaintiff does not mention the Federal Tort Claims Act in any of his pleadings, and pursuing an FTCA claim may have consequences. The Seventh Circuit explained in Manning v. U.S., 546 F.3d 430 (7th Cir. 2008):

> If a federal law enforcement officer commits a tort, the victim has two distinct avenues of relief: he may pursue a constitutional tort claim against the individual officer under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, . . ., or he may pursue a common law tort claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), . . . The latter avenue is subject to an important caveat. Under 28 U.S.C. § 2676, a judgment in an FTCA action acts as a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

The Seventh Circuit in Manning held that a judgment against a plaintiff

2

on his FTCA claim barred his earlier successful jury verdict in a <u>Bivens</u> action arising from same facts, even though the claims were brought in the same case.

The Court construes the claim against the federal defendants as a <u>Bivens</u> action, which is how Plaintiff describes his claim. If the Court is mistaken and Plaintiff does intend to pursue an FTCA action, he must inform the Court in writing by June 9, 2012.

2) The "U.S. Marshals Service" is not subject to a <u>Bivens</u> suit for damages. <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994)(federal agencies are not subject to suit for damages under <u>Bivens</u>). "<u>Bivens</u> claims are brought against the relevant officials in their individual capacity, . . . ." <u>Bunn v. Conley</u>, 309 F.3d 1002, 1009 (7th Cir. 2002). Accordingly, the U.S. Marshals Service and Defendant Cowdrey in his official capacity are dismissed (to the extent Plaintiff intends to sue Cowdrey in his official capacity).

3) The motion to dismiss Plaintiff's FTCA claim is denied (d/e 67) because the Court construes Plaintiff's claim as a <u>Bivens</u> action. The

United States asserts that Judge Baker's merit review order identified an FTCA claim, but the exhaustion referred to in that order is the exhaustion required under the Prisoner Litigation Reform Act for all prisoners filing civil actions, not the exhaustion requirement under the FTCA.

4) The motion for a protective order by Defendants Beckner, et al., is granted (d/e 49). The clerk is directed to affix the Court's electronic signature to the proposed order and to docket the order. Plaintiff seeks an extension to respond this motion, but Plaintiff has had over seven weeks to respond. Plaintiff has put his own medical condition at issue, and the proposed order contains the standard provisions typically found in such a protective order and required by the Health Insurance Portability and Accountability Act. Such orders are routinely entered in cases like this. Plaintiff identifies no reason why the order should not enter, nor can the Court discern one.

5) Defendant Maurer's motion for a protective order is denied as moot (d/e 80).

6) The motion to dismiss the unidentified defendants filed by Defendant Williamson is denied as premature (d/e 62). Plaintiff should be permitted an opportunity in discovery to identify these individuals and their involvement in the alleged violations. Whether the statute of limitations bars amendment of these individuals is an issue to be addressed if and when Plaintiff seeks to add newly identified defendants.

7) Defendant Sangamon County Jail's motion to dismiss is granted (d/e 64). The Jail is not an entity that can be sued under 42 U.S.C. § 1983. *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012)(Knox County Jail a "non-suable entity"); Powell v. Cook County Jail, 814 F.Supp. 757, 578 (N.D.Ill.1993)(Cook County Jail is not an entity nor a "person" subject to suit under § 1983). Plaintiff seeks more time to respond to this motion, but granting an extension would be futile, as the law is clear on this point.

8) The motion to withdraw as co-counsel filed by Defendant Hoff is granted (d/e 72).

9) The motion for leave to file an Answer by the United States is

denied (d/e 73) because the United States is not being substituted for the federal defendants. By June 22, 2012, Defendant Cowdrey is directed to file an Answer.

10) Plaintiff's motions for additional extensions to respond to the pending motions are denied (d/e's 78, 81). A response is not necessary for the motions the Court has denied, and the motions the Court granted must clearly be granted as a matter of law.

11) Plaintiff's motion for the appointment of counsel is denied (d/e 77) with leave to renew upon a showing that he has made reasonable efforts to obtain an attorney on his own. Plaintiff asserts that he has made such attempts, but the Court typically requires a plaintiff to attach the responses of the lawyers to his motion for counsel. Additionally, if Plaintiff renews his motion for counsel he should set forth the educational degrees he has received (i.e., highschool, college, etc.) and any classes he has taken or is taking in prison. Additionally, he should attach his medical records to corroborate his alleged current medical condition.

12) A waiver of service sent to Defendant Rosenbeck's forwarding address has not been returned.  Rosenbeck is a former employee of the Sangamon County Sheriff's Department and, according to information provided by counsel for the Jail Defendants, has not contacted the Sheriff's Department regarding this case.

Accordingly, the U.S. Marshals are directed to personally serve a summons and a copy of the Complaint upon Defendant Rosenbeck at his forwarding address.  The Clerk is directed to prepare and forward the necessary documents to the Marshals.  Rosenbeck's forwarding address shall not be disclosed by the Marshals or the Clerk and shall not be made a part of the record.  Costs of service shall be assessed against Defendant Rosenbeck pursuant to Fed. R. Civ. P. 4(d)(2).

13) Remaining for discussion at the status conference on June 11, 2012 is the status of service on Nurse "C. Taylor," and the setting of scheduling deadlines.  The Court proposes the following deadlines: initial disclosures due July 31, 2012; amended complaint (if any) and identification of unknown parties by September 4, 2012; Plaintiff's

expert disclosures due October 1, 2012; Defendants' expert disclosures due November 1, 2012; discovery closes February 4, 2013; dispositive motions due March 4, 2013; final pretrial conference October 7, 2013, at 1:30 p.m.; and, jury trial set on the Court's trailing trail calendar for November 5, 2013. These proposed deadlines will be discussed at the conference as well as any other pending issues that may arise.

ENTERED:     June 5, 2012

FOR THE COURT:

          s/Sue E. Myerscough          
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE