UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL E. KINCAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 09-CV-3053 |
| | ) |
| SANGAMON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff pursues claims for deliberate indifference to his serious medical needs during his detention in the Sangamon County Jail. Discovery deadlines have been set, but service problems remain for two Defendants: Officer Rosenbeck and Nurse Taylor, both of whom formerly worked at the Jail.

The U.S. Marshals have attempted to serve Rosenbeck at the forwarding address provided by the Jail, but the address is vacant. The Court has tried to assist Plaintiff in locating and serving this Defendant,

1

but Plaintiff bears the ultimate responsibility of locating and serving Rosenbeck.

As for Nurse Taylor, the Court detailed its efforts to help Plaintiff locate Nurse Taylor in the order of June 13, 2012.  In short, the Court has no information on Nurse Taylor's whereabouts.  Plaintiff was given until September 4, 2012 to serve Taylor.  Plaintiff has now filed a motion for the Court to serve Taylor.  As explained, Plaintiff paid the filing fee and is therefore responsible for service under Local Rule 16.3(D)("If the full statutory filing fee is paid, the plaintiff is responsible for arranging for service.").  Plaintiff paid both the district court and appellate court filing fees in full, which indicates that he has access to sufficient funds to pay for service.  He also has access to some outside help, as evidenced by his family's attempt to find an attorney for him.  In any event, even if Plaintiff cannot afford to arrange service on his own, the Court does not know where to serve Nurse Taylor.

Plaintiff has renewed his motion for the appointment of counsel, attaching evidence that he has tried to obtain an attorney on his own and

evidence that he had an angioplasty and stent placement last Spring and suffers from periodontitis.

The question on a motion to appoint counsel is, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'"

Pruitt, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." Id. at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is

available on the question.'" Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656. The Court cannot require an attorney to accept pro bono appointment on a civil case such as this. Pruitt, 503 F.3d at 653 (in forma pauperis statute "'does not authorize the federal courts to make coercive appointments of counsel.'")(quoted cite omitted).

 Plaintiff does not set forth his education level, but his pleadings are literate, effectively communicate his positions, and demonstrate knowledge of the applicable law and of legal procedure. Plaintiff's medical problems do not appear to be hampering his ability to proceed pro se. Plaintiff asserts that the delays in Judge Baker's handling of this case have prejudiced his ability to obtain evidence. The Court notes that Plaintiff waited nearly two years to bring his case and never inquired about the status of his case after Judge Baker held the merit review hearing. The Court acknowledges that the passage of time generally makes discovery more difficult. Yet that difficulty would exist whether or not Plaintiff is represented by an attorney. Plaintiff's medical records

corroborating his medical problems should still be discoverable, and he already possesses other relevant exhibits which he filed with his Complaint. He also has personal knowledge of the events, as evident from the detailed chronology in his Complaint. The only named Defendants who cannot be found are Rosenbeck and Taylor, both of whom seem tangential to Plaintiff's claims. And, though a medical condition is at issue, the claim is relatively simple. Plaintiff allegedly became very ill, obvious even to a layperson, and Defendants were deliberately indifferent to Plaintiff's pleas for help. *See* Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997)(expert not necessarily needed to determine whether defendants were deliberately indifferent). In short, the Court concludes that on the present record Plaintiff appears competent to proceed pro se in light of the nature of his claims.

IT IS THEREFORE ORDERED:

    1)   Plaintiff's renewed motion for the appointment of counsel is denied (d/e 91).

    2)   Plaintiff's motion for service on Defendant Taylor is denied

(d/e 93).

3) Plaintiff's unopposed motion to extend his deadline to file an amended complaint, identify unknown defendants, and serve Defendant Taylor is granted (de/ 94). Plaintiff's deadline for filing an amended complaint and identifying unknown parties is October 31, 2012. Plaintiff's deadline for serving Defendants Taylor and Rosenbeck is extended to October 31, 2012. Failure to do so will result in the dismissal of Defendants Taylor and Rosenbeck, without prejudice.

4) Sua sponte, the other deadlines are adjusted as follows: Plaintiff's expert disclosures are due November 30, 2012; defendants' expert disclosures are due December 31, 2012; discovery closes February 28, 2013; dispositive motions are due March 29, 2013.

5) Defendants' motion for a conference regarding Plaintiff's deposition is granted (d/e 96). A conference is scheduled for October 9, 2012 at 3:00 p.m.. Plaintiff shall appear by video conference; the clerk is directed to issue a video writ to secure Plaintiff's presence. Defendants' counsel may appear in person or by phone. If Defendants' counsel will

appear by phone, they must inform the clerk by October 5, 2012.  The clerk will initiate the phone call.

ENTERED:	October 3, 2012

FOR THE COURT:

                                         s/Sue E. Myerscough
                                         SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE