IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL E. KINCAID,<br><br>    Plaintiff,<br><br>    -vs-<br><br>SANGAMON COUNTY, ILLINOIS;<br>SANGAMON COUNTY SHERIFF'S<br>DEPARTMENT; SANGAMON<br>COUNTY JAIL; THE U.S.<br>MARSHAL'S SERVICE, Central<br>District, Illinois; NEIL WILLIAMSON,<br>Sheriff of Sangamon County,<br>Springfield, Illinois; TERRY DURR,<br>Superintendent of Sangamon<br>County Detention Facility, Springfield<br>IL; RON BECKNER, Administrator,<br>Sangamon County Detention Facility,<br>Springfield, IL; WILLIAM STRAYOR,<br>Assistant Superintendent of<br>Sangamon County Detention<br>Facility, Springfield, IL; OFFICER C.<br>CAIN; R. ROSENBECK; DR. JOSEPH<br>MAURER; LEE ANN BRAUER, R.N.;<br>C. TAYLOR, L.P.N.; L. RAMSEY,<br>L.P.N.; UNIDENTIFIED<br>EMPLOYEES, GUARDS and<br>MEDICAL STAFF, Sangamon<br>County Detention Facility,<br>Springfield, IL,<br><br>    Defendants. | Case No. 3:09-cv-03053-SEM-TSH |

## DECLARATION OF JOHN F. WATSON

Exhibit A

I, JOHN F. WATSON, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am lead counsel for the Plaintiff, Paul E. Kincaid, in the above captioned litigation.

2. The matter has been set for trial to begin on Monday, September 14, 2015, and there is a Renewed Motion for Summary Judgment filed by Defendant Jeff Cowdrey. Jon Noll, the attorney that handled Paul Kincaid's criminal matter, has been identified as a witness.

3. It is expected that the Plaintiff will produce evidence that Jon Noll had contact with Defendant Jeff Cowdrey in April of 2007 on several occasions with regard to complaints by friends and family of Paul Kincaid's medical condition. Attached hereto and incorporated herein are the following:

    1. Exhibit 1: April 2, 2007 letter from Jon Noll to Jeff Cowdrey;

    2. Exhibit 2: Letter dated April 5, 2007 from Jon Noll to Steve Collins; and

    3. Exhibit 3: Internal Memorandum of the Noll Law Office dated April 4, 2007.

4. It is expected that Attorney Jon Noll will testify at trial consistent with his letters and office Memorandum that either Jon Noll or his paralegal, Wanda Jones, spoke with Defendant Jeff Cowdrey on April 3, 2007 and on April 4, 2007.

5. It is expected that Jon Noll will testify that it was communicated to Steve Collins, as requested by Jeff Cowdrey, that he should not leave a telephone message

during evening hours but to contact Jeff Cowdrey during normal business hours.

6. It is expected that evidence will be produced that on April 4, 2007, Defendant Cowdrey stated that he had received the messages from Steve Collins.

7. It is expected that the letters and Memorandum would be independently admissible as evidence of notice to Defendant Jeff Cowdrey, or as an exception to the hearsay rule as a recorded recollection under F.R.E. 803(5), or as a record of regularly conducted activity under F.R.E. 803(6). The memorandum may also be independently admissible under the catchall exception under F.R.E. 803(24).

8. Further Affiant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 22nd day of June, 2015.

s/ John F. Watson<br>JOHN F. WATSON

April 2, 2007

United States Marshals Service
Attn: Jeff Cowdrey, DUSM

HAND DELIVERY

████████████
████████████
████████████

Subject: *United States v. Paul Kincaid*
Case No. 06-03040

Reference: 31-2210

Dear Sir:

As you know, we represent Mr. Kincaid in the above-referenced matter.

We are extremely concerned about the physical and medical condition of Paul Kincaid. Over the last six months, since the time of his arrest, he has had an unmonitored weight loss of 85 pounds. He is presently suffering from what he believes to be a sinus infection, along with strep throat. He is also having difficulty maintaining fluids. We are concerned because Mr. Kincaid has a previous history of strep throat and scarletina.

We ask that he be seen by a medical doctor and that a medical workup be completed on him as to these various issues.

We have spoken to the jail supervisor about this in the recent past. By this letter, we are not complaining. However, with their limited resources and numerous responsibilities, we think that this is a situation that requires the focus of the U. S. Marshals Service to make sure that this 66-year-old man, in apparently failing health, needs to be addressed.

As always, thank you for your cooperation and assistance in this matter.

Very truly yours,


Jon Gray Noll

JGN:wj

cc: Paul Kincaid

# NOLL LAW OFFICE

Springfield, Illinois 62704
( ) -8441
Fax ( ) -8775
email:

Jon Gray Noll

PLAINTIFF
EX.B. # 2-18

PG 1 OF 2      Conrad Noll, Jr.
                1909-1990

April 5, 2007

Steven R. Collins

Subject: US v. Kincaid

Reference: 31-2210

Dear Sir:

This letter acknowledges your numerous telephone calls received by our answering machine over the past several days concerning the health of Mr. Kincaid.

We are aware of Mr. Kincaid's physical deterioration. We agree with you that Mr. Kincaid is declining, and we join with you in your efforts to have him medically evaluated and cared for.

Unfortunately, as we have discussed with you, we are not in charge of the Sangamon County Jail, nor do we have the ability to dictate to that facility the manner in which its inmates are housed.

We have contacted the United States Marshall's Office, specifically Agent Jeff Cowdrey, on several occasions over the past few days. Agent Cowdrey is in charge of such matters at the Sangamon County Jail on behalf of the United States Government. Agent Cowdrey has assured our office that Mr. Kincaid is receiving appropriate care. He encouraged you to contact him directly during normal business hours if you have any concerns. We have also alerted the Sheriff's Office, who carries the primary responsibility for the care of the persons in its custody.

We have spoken to Mr. Larry Cook of Cornerstone Ministries, who has contacted our office out of concern for Mr. Kincaid. We encouraged Mr. Cook to contact Agent Cowdrey and Sheriff Williamson to lodge his concerns with the appropriate authorities.

We have also talked with Mr. Kincaid's sister, Sandra Sanford, and encouraged her also to contact Agent Cowdry and Sheriff Williamson.

PLAINTIFF
EXB #2-18  PG 2of2

By way of suggestion, it might be helpful if you write a letter to Agent Cowdrey laying out your concerns, and mail it Certified Mail, Return Receipt Requested. Agent Cowdrey's address is as follows:

United States Marshals Service
Attn: Jeff Cowdrey, DUSM  217-492-4430

It is also possible that a civil attorney might be of assistance to you in this matter, to force the U.S. Marshall's Service and Sangamon County Sheriff's Office to properly address any medical requirements of Mr. Kincaid. If you need some referrals in that regard, we can suggest some names of civil attorneys in this area from which you might select a firm to assist you. Unfortunately, our office does not handle that type of litigation.

We are sensitive to the concerns of Mr. Kincaid's family and friends regarding his health and welfare. We hope that these suggestions will assist in bringing about the proper medical care for Mr. Kincaid in a timely fashion.

Very truly yours,

s/ Jon Gray Noll
_____
Jon Gray Noll

JGN;pn



US DEPUTY

# MEMORANDUM

TO: FILE

FROM: WJ

DATE: April 4, 2007

Reference: Paul Kincaid

Mr. Steve Collins, who resided with Mr. Kincaid prior to Mr. Kincaid's incarceration, left messages with the office on April 1, 2007 and called the office again on April 2, 2007, and stated that Mr. Kincaid has been running a temperature of 104, has not been able to take in fluids, and appears to be dehydrated. Collins' perception is that Mr. Kincaid has strep throat and scarletina. Mr. Collins requested a civil attorney reference and we furnished the names of Peter Wise, Scott Hanken and Sean Liles.

The office hand delivered a letter to Deputy Cowdrey asking that the USMS look into this situation.

I spoke with Deputy Cowdrey on April 3, 2007. He stated that he had spoken with the nurse for the inmates and she read to Deputy Cowdrey the information from Kincaid's chart. The doctor had seen Mr. Kincaid on April 2, 2007. Mr. Kincaid was not running a temp. The doctor prescribed cipro, which is an antibiotic. The lungs were clear. The doctor stated he would see Kincaid again next Monday, April 9, 2007. Deputy Cowdrey told me that he would be happy to talk with Mr. Collins.

I called Mr. Collins on Tuesday afternoon and relayed that information to him and gave him the number of the United States Marshals Service.

Mr. Collins left two messages on the office answering machine the evening of April 3, 2007, and one message at 3:30 a.m. on April 4, 2007. In those messages, he reiterated Kincaid's symptoms, said he wanted IV's for Kincaid and that he wanted NLO to request a medical emergency hearing

from the Court. He stated that Kincaid's urine was dark and that indicated blood in the urine. Collins stated that he had spoken with Dr. Johnson, who is Kincaid's personal physician, and that Dr. Johnson believes that Kincaid needs further medical attention, given the symptoms that Collins relayed to him. (Johnson phone number ███-████; ███-████).

The jail personnel told Collins that Kincaid had been looked at by the doctor. Cellmates said that Kincaid was running a temp; had a sore throat and was not taking in food or fluids.

Collins stated that he had left a message after hours with the answering service for the USMS. When I spoke with Deputy Cowdrey on April 4, 2007, he stated that he had received the message and that he had not spoken directly with Collins but would be happy to if he would call the USMS during regular business hours.

Mr. Collins stated he had give Kincaid a questionnaire to complete. He said there are liability issues and he would spare no expense to have this situation remedied. He has spoken with family members and they agree that Kincaid needs additional medical attention.