IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| PAUL E. KINCAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 09-3053 |
| | ) |
| JEFF COWDREY, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT COWDREY'S MOTIONS IN LIMINE

The defendant, Jeff Cowdrey, by and through his attorney, Jerry Brost, Assistant United States Attorney for the Central District of Illinois, hereby submits motions in limine to limit the presentation of evidence and testimony as follows:

## MOTION IN LIMINE NO. 1

Defendant Cowdrey requests that the Court preclude all parties from making any reference to the possibility that the United States Government might indemnify Defendant Cowdrey for a judgment. Such references would be highly prejudicial and is similar to the prohibition of Fed. R. Evid. 411 which states that liability insurance is not generally relevant to whether the defendant acted wrongfully.

_____  _____  _____  _____
ALLOWED     DENIED       RESERVED      N/A

## MOTION IN LIMINE NO. 2

Defendant Cowdrey requests that the Court preclude all parties from referring to or making any argument or reference that the United States or the United States Marshal's Service or Defendant Cowdrey as a Deputy United States Marshal has resources to provide additional, better, or different services to its pretrial detainees, including the plaintiff. The financial capability of the government to provide different services is not at issue in this case.

_____    _____    _____    _____
ALLOWED      DENIED       RESERVED     N/A

## MOTION IN LIMINE NO. 3

Prior felony convictions are admissible to aid the jury in assessing witness credibility and for impeachment. Fed.R.Evid. 609(a); *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir.1992). Generally, a witness may be questioned on cross examination regarding a felony that is less than 10 years old by asking the particular violation charged, the date of conviction, and the disposition. *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006). Plaintiff was convicted of the charges of possession of child pornography and the production of child pornography for which plaintiff was sentenced to 360 months in prison. While the nature of the plaintiff's criminal charges may be prejudicial, the defendants should be able to include in their questions, the length of sentence imposed for impeachment purposes.

_____    _____    _____    _____
ALLOWED      DENIED       RESERVED     N/A

## MOTION IN LIMINE NO. 4

Defendant Cowdrey requests that the Court preclude all parties from referring to Plaintiff's counsel as "appointed counsel." Whether or not Plaintiff's counsel was hired by Plaintiff or appointed by the Court is irrelevant to the claims in this case.

_____      _____      _____      _____
ALLOWED         DENIED            RESERVED         N/A

## MOTION IN LIMINE NO. 5

Defendant Cowdrey requests that this Court preclude all personal notes made by plaintiff or any of his witnesses from being entered into evidence. These notes are hearsay themselves, and regularly contain additional hearsay within the body of notes. In addition, plaintiff has produced videos and audio recordings of conversations made between plaintiff and Steve Collins. These recordings are hearsay and not admissible.

_____      _____      _____      _____
ALLOWED         DENIED            RESERVED         N/A

## MOTION IN LIMINE NO. 6

Defendant Cowdrey requests that this Court preclude testimony from non-medical witnesses regarding their medical opinions of plaintiff's physical condition. Further, plaintiff and his witnesses should be precluded from providing testimony as to what care or treatment they considered necessary or appropriate for plaintiff. Any testimony of Plaintiff regarding his own medical condition should be limited to his

observable and reported symptoms, he should not be allowed to present testimony regarding his self-diagnosis. Plaintiff's witnesses should be limited in their testimony regarding plaintiff's health only as to what they observed, not what was told to them by the plaintiff, himself. Plaintiff and his non-expert witnesses should not be allowed to give opinions regarding causation, as this testimony requires expertise.

_____  _____  _____  _____
ALLOWED      DENIED       RESERVED      N/A

## MOTION IN LIMINE NO. 7

Plaintiff's expert, Dr. Giffin has testified in his deposition that the medical care provided to Plaintiff was reasonable and appropriate under the circumstances from March 31, 2007 through April 4, 2007. (Doc. #279, Ex. B, p. 78, Line 6-24). Plaintiff, his witnesses, agents and experts should be prohibited from arguing otherwise.

_____  _____  _____  _____
ALLOWED      DENIED       RESERVED      N/A

## MOTION IN LIMINE NO. 8

Defendant Cowdrey requests that the plaintiff, his witnesses or counsel be precluded from referring to any Orders of this Court which denied defendants' motions for summary judgment or any of the Court's findings or holdings in those Orders.

_____  _____  _____  _____
ALLOWED      DENIED       RESERVED      N/A

## MOTION IN LIMINE NO. 9

Defendant Cowdrey requests that the plaintiff, his witnesses or counsel be precluded from referring to any facts presented by the defendants in their statement of undisputed facts in support of their motions for summary judgment. Those facts were presented for the purposes of summary judgment and may be contested for purposes of trial.

_____     _____     _____     _____
ALLOWED        DENIED         RESERVED        N/A


Respectfully submitted,

UNITED STATES ATTORNEY

JAMES A. LEWIS
UNITED STATES ATTORNEY

By:   S/Gerard A. Brost
Gerard A. Brost, ARDC # 3125997
Assistant United States Attorney
211 Fulton Street, Ste. 400
Peoria, IL  61201
Tel:  309-671-7050
Email:  gerard.brost@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2015, I electronically filed the foregoing *Defendant Cowdrey's Motions in Limine* with the Clerk of the Court using the CM/ECF system to counsel of record:

| | |
|---|---|
| John F. Watson | E-mail: jfw@craiglaw.net |
| John Patrick Lee | E-mail: jpl@craiglaw.net |
| Gerard A. Brost | E-mail: gerard.brost@usdoj.gov |
| Gregory M. Gilmore | E-mail: greg.gilmore@usdoj.gov |
| Christian D. Biswell | E-mail: biswell@dnmpc.com |
| Raylene Grischow | E-mail: rgrischow@hinshawlaw.com |
| Barbara K. Myers | E-mail: bmyers@hinshawlaw.com |

S/Kelly Thompson
Kelly Thompson
Paralegal Specialist