UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL E. KINCAID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:09-cv-3053-SEM-TSH |
| | ) | |
| JEFF COWDREY, *et al.*, | ) | Judge: Sue E. Myerscough |
| | ) | Magistrate Judge:  Thomas Schanzle- |
| Defendants. | ) | Haskins |

### MOTIONS IN LIMINE BY DEFENDANTS, TERRY DURR, RON BECKNER, WILLIAM STRAYER, CANDACE CAIN, LEE ANNE BRAUER, AND LUCY RAMSEY

Defendants, TERRY DURR, RON BECKNER, WILLIAM STRAYER, CANDACE CAIN, LEE ANNE BRAUER, and LUCY RAMSEY, by and through their undersigned counsel, and pursuant to Fed.R.Evid. 702, respectfully submit the following Motions in Limine to bar Plaintiff, Plaintiff's witnesses, agents and attorneys from presenting certain evidence and testimony at the trial of this matter:

### MOTION IN LIMINE NO. 1

**Referencing undisclosed exhibits or witnesses**

Refrain from referring to or calling any undisclosed witnesses or undisclosed exhibits that are not specifically listed in the final Pre-Trial Order.

_____          _____          _____          _____
ALLOWED             DENIED             RESERVED             N/A

### MOTION IN LIMINE NO. 2

**Exclude witnesses from the Courtroom**

All witnesses should be excluded from the courtroom and segregating all witnesses who intend to testify prior to the time of their testimony.

_____          _____          _____          _____
ALLOWED             DENIED             RESERVED             N/A

## MOTION IN LIMINE NO. 3

**Referring, seeking or offering evidence related to claims not identified in pleadings**

Seeking, referring to or offering testimony or evidence relating to claims that were not properly identified and sought within his pleading. To find otherwise would be to unduly prejudice Defendants, and would provide them with no notice or opportunity to defend against such claims. Any un-pled claims are irrelevant to the issues properly before this Court, and the admission into this trial would run afoul of Rule 8(a).

| _____ | _____ | _____ | _____ |
| ALLOWED | DENIED | RESERVED | N/A |

## MOTION IN LIMINE NO. 4

**Indemnification**

Any reference to the possibility that the County of Sangamon might indemnify Defendants for a judgment rendered against them is irrelevant to the issue of whether each correctional officer or any of the nurses are liable for any of the acts they may have performed that proximately caused an injury to Plaintiff. This information is not probative on any issue in Plaintiff's case-in-chief and is too prejudicial to survive a Fed. R. Evidence 403 balancing test. *Townsend v. Benya,* 287 F.Supp.2d 868, 874 (N.D.Ill.2003).

The Seventh Circuit has held "[i]n the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government-not the individual defendants-is footing the bill." *Delgado v. Mak*, 06C3757, 2008 WL 4367458 (N.D. Ill. Mar. 31, 2008) (citing *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir.1998); *see also Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir.1996)) ("When the defendant is to be fully indemnified, such evidence, far from being required, is inadmissible").

Allowing Plaintiff to make such references would be highly prejudicial against Defendants. The jury may feel that even if there were no liability here, Plaintiff should be compensated for his time and efforts in bringing the lawsuit, particularly in view of the fact that the County of Sangamon has the "deep pocket." Furthermore, reference to indemnity is akin to reference to insurance, which is precluded by Fed. R. Evid. 411. Accordingly, Plaintiff should be precluded from adducing or implying that Defendants may be indemnified or reimbursed by the County.

_____     _____     _____     _____
ALLOWED      DENIED       RESERVED      N/A

## MOTION IN LIMINE NO. 5

**Size of the law firm of Hinshaw & Culbertson LLP**

Any reference to the size, number of attorneys employed, or number of offices of the firm that represents the Defendants. This information is clearly irrelevant to the issues in the case.

_____     _____     _____     _____
ALLOWED      DENIED       RESERVED      N/A

## MOTION IN LIMINE NO. 6

**Testimony by Plaintiff regarding any medical diagnosis, prognosis or related causation, or any statements made to him by his doctor(s) at the hospital**

Offering testimony as to any medical/mental health diagnoses or prognoses that Plaintiff claims were a result of the incidents complained of. Plaintiff is not a physician or a psychiatrist, and is not competent to offer such testimony. While he may testify as to his subjective symptoms (e.g. "pain"), as a lay witness, Plaintiff lacks the knowledge, skill, experience, training and education that would qualify him to testify about the nature of any underlying medical or mental health condition, its cause, or its permanence as a result of the incidents complained

about.  Such testimony may only be offered by a properly disclosed and qualified expert witness, and Plaintiff should be barred from testifying personally as to these issues.  Additionally, Plaintiff should be barred from testifying as to statements, diagnoses or prognoses made to him by any doctor or other treater.  Such testimony would clearly be hearsay.

_____　　_____　　_____　　_____
ALLOWED　　　DENIED　　　RESERVED　　　N/A

## <u>MOTION IN LIMINE NO. 7</u>

**Bar any reference to other lawsuits, other claimed incident or Defendant officers' disciplinary history**

Prior discipline or lawsuits against the individual Defendants are not relevant.  The jury must decide whether the individual Defendants were deliberately indifferent to Plaintiff's medical needs.  Unrelated past discipline cannot be used "to prove the character of a person in order to show action in conformity therewith," nor would tangentially related investigations fall into any exception under Federal Rule of Evidence 404(b).  The Seventh Circuit has made clear that a trial judge is not required to allow a plaintiff to introduce prior disciplinary records against an officer in an excessive force case. *Delgado v. Mak*, 06C3757, 2008 WL 4367458 (N.D. Ill. Mar. 31, 2008) (*citing Okai v. Verfuth*, 275 F.3d 606, 610-611 (7th Cir.2001)); *See also Huddleston v. United States*, 485 U.S. 681, 685 (1988); *United States v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1998).

_____　　_____　　_____　　_____
ALLOWED　　　DENIED　　　RESERVED　　　N/A

## MOTION IN LIMINE NO. 8

**Bar any reference to settlement negotiations**

Defendants move in limine to bar any reference to any offers of compromise or settlement negotiations between the parties.

_____    _____    _____    _____
ALLOWED         DENIED         RESERVED         N/A

## MOTION IN LIMINE No. 9

**Bar any testimony about the parties' wealth or poverty**

The parties and witnesses should refrain from discussing or making comments about the wealth or poverty of Plaintiff and the Defendants, or the pecuniary circumstances of the parties.

_____    _____    _____    _____
ALLOWED         DENIED         RESERVED         N/A

## MOTION IN LIMINE NO. 10

**Admission of prior convictions of Plaintiff**

Defendants move *in limine* to allow evidence regarding Plaintiffs' conduct in the form of convictions. Prior felony convictions are admissible to aid the jury in assessing witness credibility and for impeachment. Fed.R.Evid. 609(a); *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir.1992). Convictions are not admissible "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Pinkney v. Thomas*, 1:07-CV-186, 2008 WL 4514830 (N.D. Ind. Oct. 7, 2008); Fed.R.Evid. 609(b). Federal Rule of Evidence 609(a)(2) provides that other criminal convictions may be admissible "if it readily can be

determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." *Id.*; Fed.R.Evid. 609(a)(2). Such evidence must be admitted subject to Rule 403 in a civil case. Rule 403 is heavily tilted in favor of admissibility. To exclude evidence, probative value must be "substantially outweighed" by the danger of unfair prejudice. *Estate of Gee v. Bloomington Hospital*, 2012 WL 639517 (2012)

In the alternative, should this Court deny the admission of Plaintiff's criminal convictions at trial, such should be admitted if Plaintiff obtains a favorable verdict as it pertains to damages. The convictions are certainly relevant as it pertains to damages as Plaintiff's criminal convictions are probative of his truthfulness and should be considered when assessing damages. Plaintiff's convictions are also relevant to his state of mind when he was incarcerated at the jail. *Cobige v. City of Chicago*, 651 F.3d 780, 785 (7th Cir. 2011); *Goodman v. Babicz,* 2013 WL 146377 (2013); *Estate of Gee v. Bloomington Hospital*, 2012 WL 639517 (2012). Plaintiff's state of mind, pain and suffering, depression, anxiety and overall health would certainly be affected by the possibility of being imprisoned for 30 years and the damages attributed to the imprisonment as compared to the gallbladder issue is certainly difficult to distinguish and should be considered.



    ALLOWED        DENIED        RESERVED        N/A

## <u>MOTION IN LIMINE NO. 11</u>

**Admission of prior convictions of witness Steven James Puckett**

Plaintiff has Stephen James Puckett listed as a witness for trial. Defendants move *in limine* to allow evidence regarding Puckett's conduct in the form of prior convictions. Prior felony convictions are admissible to aid the jury in assessing witness credibility and for impeachment. Fed.R.Evid. 609(a); *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir.1992). Puckett is currently incarcerated at Graham Correctional Center on charges of criminal sexual

assault (Count I) and three charges of aggravated criminal sexual abuse (Count V, VI and IX). Puckett was convicted in 2007 and must serve 85% of his sentence of 10 years on Count I. Such are within the 10 year requirement and such crimes bear directly on the character of truthfulness of this witness and should be admitted to have the jury assess his credibility.

_____       _____       _____       _____
ALLOWED             DENIED             RESERVED            N/A

## MOTION IN LIMINE NO. 12

**Plaintiff's counsel pro bono appointed status**

Defendants request that all parties from referring to Plaintiff's counsel as "appointed counsel." Whether or not Plaintiff's counsel was hired by Plaintiff or appointed by the Court is irrelevant to the claims in this case. Advising the jury that Plaintiff's counsel has been appointed does not tend to prove or disprove any of the elements of this case. Accordingly, it is irrelevant and could be considered overly prejudicial to the Defendants.

_____       _____       _____       _____
ALLOWED             DENIED             RESERVED            N/A

## MOTION IN LIMINE NO. 13

**Exclude evidence and testimony that the standard of care for inmates or pre-trial detainees of a correctional or detention center is identical to that of a hospital or clinic**

Plaintiff should be precluded from arguing that the standard of care for those in a prison setting is the same as it would be for those in a hospital or medical clinic.

_____       _____       _____       _____
ALLOWED             DENIED             RESERVED            N/A

## <u>MOTION IN LIMINE NO. 14</u>

**Bar Documents written by Steve Collins as unauthenticated hearsay**

Plaintiff will likely introduce evidence at trial as to various letters, notes, memos, and letters to Paul Kincaid and various individuals regarding Plaintiff's claims in his Complaint. These documents should be excluded as inadmissible hearsay. Under Fed. R. Evid. 801, hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence, to prove the truth of the matter asserted." FRE 801. Evidence which constitutes hearsay should be excluded at trial unless it falls within one of the exceptions to Rule 801. *See* FRE 802. The documents and notes written by Steve Collins are hearsay because they consist entirely of out-of-Court statements offered for the truth of the matter asserted. In fact, many of the documents appear to have been prepared specifically for litigation. *See, e.g., JamSports Entm't, LLC v. Paradama Prods, Inc.,* 2005 WL 14917 @ 13-14 (N.D. IL. January 3, 2005) (granting motion in limine to exclude party's entries as inadmissible hearsay). These documents written by Steve Collins do not fall under any hearsay exception.

During discovery, Plaintiff produced documents from Steve Collins, which were Bates labeled S. Collins - - 1 through S. Collins - - 56. In addition, with Plaintiff's Supplemental Rule 26(a)(2)(B) and 26(e), Plaintiff disclosed two video recordings and two audio recordings, a typewritten transcript of a phone conversation with Plaintiff and Steve Collins on 4-17-2007, as well as additional notes taken by Steve Collins beginning on 4-14-2007 through 4-18-2007 which were not Bates labeled. Plaintiff also produced a letter dated August 7, 2008 to the United States Marshal's Service from Steve Collins, a letter to Mr. Watson, which was not dated, notes from Steve Collins dated 4-3-2007, and other typewritten notes prepared by Steve Collins dated April 5, 2007. All of these documents constitute inadmissible hearsay and should be excluded. If

Plaintiff believes that some hearsay exception applies, he should be required to make an offer of proof outside the presence of the jury.

_____ _____ _____ _____
  ALLOWED         DENIED        RESERVED       N/A

## MOTION IN LIMINE No. 15

**Referring or inquiring about subjective medical opinions of Plaintiff's alleged conditions**

Preclude testimony offering medical opinions of any kind concerning what they believe the Plaintiff's medical injuries were or what they believed it to be. Plaintiff and his witnesses and/or representatives may not give personal opinions as to how the Plaintiff should have been treated as they are not qualified to do so. This evidence would not be relevant and does not establish a standard of care or true opinion of a medical professional.

Federal Rule of Evidence 701 controls the use of lay witness opinions and states that lay witness opinions are limited to opinions that: (a) are rationally based on perception; (b) helpful to understanding of the witness's testimony or an issue; and (c) not based on scientific, technical, or specialized knowledge within the scope of Rule 704. Any testimony regarding Plaintiff's own medical condition should be limited to his observable and reported symptoms. Plaintiff should not be allowed to give opinions regarding causation, as this testimony requires expertise.

A person lacking any medical training is incompetent to testify to the causal relationship between an event and subsequent medical condition. *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). Without medical knowledge, skill, experience, training and/or education, Plaintiff is not equipped to render conclusions or opinions about the cause of his medical conditions. Plaintiff is not a physician. Accordingly, any uninformed opinions or lay accounts proffered by him or his witnesses regarding the causation of his alleged medical condition should be barred. *See* Federal Rule of Evidence 701. Expert testimony is necessary to explain the complex nature

of any relationship between Defendants' alleged actions and the causation or exacerbation of any medical condition. "Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (*quoting United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001)).

Plaintiff's witnesses testified in their depositions that Plaintiff was dehydrated, spitting out blood, burning up with fever. These witnesses are not medical providers and should be precluded from offering medical opinions as to these diagnoses.

_____         _____         _____         _____
ALLOWED                DENIED                RESERVED                N/A


## MOTION IN LIMINE No. 16

**Asking the jury to place themselves in Plaintiff's position**

Any reference to the suggestion or offering any evidence, testimony, argument, reference, comment, or innuendo from directly or indirectly asking the jurors to put themselves in the position of Plaintiff, to imagine what it would be like to experience Plaintiff's alleged injuries, or making comments to that effect. Such evidence is irrelevant to any issue in this lawsuit and introduction of this evidence would be unduly prejudicial to the Defendants. A "golden rule" appeal asks a jury to put itself in the position of a party and "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *U.S. v. Roman*, 492 F.3d 803, 805-806 (7th Cir. 2007) (*citing U.S. v. Teslim*, 869 F.2d 316, 327-28 (7th Cir. 1989).

_____         _____         _____         _____
ALLOWED                DENIED                RESERVED                N/A

## MOTION IN LIMINE No. 17

**Reference to the ability to pay medical bills**

Any reference to Plaintiff's ability to pay medical bills, as evidence of Plaintiffs' economic or financial standing or ability to pay for the losses and expenses allegedly incurred by the Plaintiff is not relevant to any issue in this case and the prejudicial effect far outweighs any probative value. *Lorenz v. Sims*, 248 Ill. App. 3d 946, 618 N.E.2d 666, 188 Ill. Dec. 96 (1st Dist. 1993).

_____ _____ _____ _____
ALLOWED          DENIED          RESERVED          N/A

## MOTION IN LIMINE No. 18

**Affixing an amount per day for pain and suffering**

Any reference that in considering the issue of pain and suffering, the jury should affix an amount per day or per any other unit of time for the reason that such evidence is irrelevant to any issue in this lawsuit and introduction of this evidence would be unduly prejudicial to the Defendants. *Colley v. Manicke*, 24 Ill. 2d 390 (1962). Plaintiff should not be permitted to argue to the jury that damages should be computed by the jury by considering an amount per day or an amount calculated pursuant to any other unit of time, inasmuch as the probative value of such a formulation is outweighed by its prejudicial effect. *Waldron v. Hardwick*, 406 F.2d 86, 89 (7th Cir. 1969) (concluding "that an inflexible rule treating per diem argument as reversible error is not advisable," adding that "the question should be left largely to the discretion of the trial judge as are other matters dealing with the style and content of argument"). *Baron Tube Co. v. Transp. Ins. Co.*, 365 F.2d 858, 861, 864–65 (5th Cir.1966) (en banc) (holding that counsel can argue "for damages for pain and suffering on a so-called 'unit of time' formula," provided there are safeguards in place, e.g., cautionary instructions, though "whether to allow such an argument and

the protective features to be employed are matters vested, in the end, in the sound discretion of the trial court"); *Pa. R.R. Co. v. McKinley*, 288 F.2d 262, 266 (6th Cir.1961). Defendants seek an order from the Court, should Plaintiff decide he is going to use this argument, setting forth the style and content of such argument so as not to be unduly prejudicial to the Defendants.

_____ ALLOWED  _____ DENIED  _____ RESERVED  _____ N/A

## MOTION IN LIMINE NO. 19

**Bar any testimony that the medical care between March 31, 2007 through April 4 2007 was anything but reasonable and necessary**

Plaintiff's expert, Dr. Giffin has testified in his deposition that the medical care provided to Plaintiff was reasonable and appropriate under the circumstances from March 31, 2007 through April 4, 2007. (Doc. #279, Ex. B, p. 78, Line 6-24). Plaintiff, his witnesses, agents and experts should be prohibited from arguing otherwise.

_____ ALLOWED  _____ DENIED  _____ RESERVED  _____ N/A

## MOTION IN LIMINE No. 20

**Bar any reference to a "code of silence"**

Precluding any evidence, testimony, argument, reference, comment, or innuendo that sheriff's deputies or police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow deputies or officers. Plaintiff alleges a §1983 claim for deliberate indifference. Defendants anticipate that Plaintiff may seek to introduce at trial generalized testimony, evidence, or argument of an alleged police "code of silence" maintained by the Sangamon County Sheriff's Department in general to protect fellow deputies and officers accused of wrongdoing. However, evidence is admissible at trial only if it makes the existence of

any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. Fed R. Evid. 403.

At trial, the only relevant inquiry concerns the allegations of Defendants' alleged deliberate indifference to Plaintiff's serious medical needs. Given this narrow inquiry, it is simply beyond dispute that general evidence of a "code of silence" or similar slander has no bearing whatsoever on the jury's assessment of the Defendants' conduct in this case. Such generalized evidence has no specific relationship to the deputies, former deputy officers, former officers, or other law enforcement department personnel testifying in this case, it is not relevant to the jury's determination of their credibility. *Townsend v. Benya*, 287 F.Supp.2d 868, 876 (N.D. Illinois 2003)(excluding evidence as to phrase "Code of Silence" as unduly prejudicial); *See also Ratliff v. City of Chicago,* No. 10 C 739, 2012 WL 5845551 (N.D. Ill. November 19, 2012) *(citing Christmas v. City of Chicago,* 691 F.Supp.2d 811, 819 (N.D.Ill.2010) (same), and *Moore v. City of Chicago,* 2008 WL 4549137, at *6 (Apr. 15, 2008) (same)); *See also Betts v. City of Chicago,* 2011 WL 1837805, at *5 (N.D.Ill. May 13, 2011*); Caldwell v. City of Chicago,* 2010 WL 380696, at *3 (N.D.Ill. Jan.28, 2010) (barring plaintiff from presenting evidence showing police generally protect or cover up for each other and that there is a code of silence in the CPD). This Court too should decline to open the floodgates to such evidence. Furthermore, even if general evidence of a "code of silence" were somehow relevant to the matters at issue or the credibility of testimony in this case, and it is not, this Court should nonetheless exclude such evidence because its prejudicial effect substantially outweighs its probative value. Indeed, given its lack of

connection to the specific issues and persons in this case, its probative value is very, very slim, and its prejudicial impact is very, very high.

_____        _____        _____        _____
ALLOWED        DENIED        RESERVED        N/A

## <u>MOTION IN LIMINE NO. 21</u>

**Bar any testimony that Defendants were not disciplined for conduct related to Plaintiff's claims**

Bar the introduction of any evidence, eliciting any testimony, or making any argument or inference during the trial of this cause regarding the fact that the Sangamon County Sheriff's Department did not discipline Defendants for any alleged conduct related to Plaintiff's claims of civil rights violations.  Plaintiff never made a complaint to the Sheriff's Department regarding his claims of deliberate indifference to his serious medical needs. Additionally, Plaintiff has not brought any claim against the County or the Sheriff's Department related to its failure to discipline Defendants regarding Plaintiff's allegations. Any testimony, inference or suggestion that Defendants were not disciplined is irrelevant, improper, and prejudicial.  Counsel may not suggest, infer, or allude to the jury that he has been prevented from commenting on facts barred by this Court or by his opponent's objections. *Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008) (referencing harm that may have occurred during opening statements that some evidence was excluded by the judge).

_____        _____        _____        _____
ALLOWED        DENIED        RESERVED        N/A

14

## MOTION IN LIMINE NO. 22

**Bar any reference that Plaintiff was dying while incarcerated at the jail**

      Bar any reference to the fact that Plaintiff's family and friends thought Plaintiff was dying. Judy Cooke testified in her deposition that she had her husband speak to Lt. Ron Beckner about her brother because he was dying. (p. 22 of Judy Cooke deposition). On page 29 of Judy Cooke's deposition she testified she was afraid Plaintiff would not be alive for her next visit. There is no evidence in the record to support this assertion. Ms. Cooke is not a medical professional and has no medical training. This statement is a lay man's assessment/conclusion of Plaintiff's condition, is hearsay and is would be offered merely to inflame the jury and attempt to prove the truth of the matter asserted. Conclusions are not admissible evidence F.R.C.P. 701.

    _____      _____      _____      _____
     ALLOWED       DENIED        RESERVED        N/A


## MOTION IN LIMINE NO. 23

**Bar any testimony alleging the Sangamon County Defendants laughed and mimicked Plaintiff**

      Bar any reference to the claim that the correctional officers at the Sangamon County Jail or the medical staff would mimic and make fun of Plaintiff. Plaintiff has made such an allegation in his complaint. No evidence has been produced to date to substantiate this allegation. It has been refuted by every named Defendant and Plaintiff has failed to produce any evidence to the contrary. Allowing such testimony would be prejudicial and is irrelevant to the main issue of deliberate indifference.

    _____      _____      _____      _____
     ALLOWED       DENIED        RESERVED        N/A

## MOTION IN LIMINE NO. 24

**Preclude any testimony from lay witnesses as to how much weight Plaintiff lost**

Bar any testimony from lay witnesses that Plaintiff lost 100 pounds while incarcerated at the Sangamon County Jail. On page 41 of the deposition of Judy Cooke she testified that Plaintiff had lost 100 pounds and she knew this because she is "really good at weight." Ms. Cooke never actually weighed Plaintiff and is not a medical provider. Hence, her assumption that Plaintiff lost 100 pounds is not based on evidence but an assumption and such should not be allowed into evidence as it is prejudicial, not based on facts and hearsay.

| _____ | _____ | _____ | _____ |
| ALLOWED | DENIED | RESERVED | N/A |

## MOTION IN LIMINE NO. 25

**Bar any award of the St. John's Hospital to the Sangamon County Jail**

It is anticipated that Plaintiff will present a medical bill from St. John's Hospital in the amount of $35,052.62 for the time he was hospitalized in April of 2007 for his gallbladder and attempt to recover this amount from all Defendants claiming that his private medical insurance paid the bill. The United States Marshals Service and The Sangamon County Sheriff's Office have an Intergovernmental Agreement concerning the housing and care of Federal inmates. (Doc. #282-1). Pursuant to Article III – Medical Services, the Federal Government is responsible for all costs associated with hospital or health care services provided outside the facility. Article III specifically reads:

> 1. The Local Government agrees to provide federal prisoners with the same level of medical care and services provided to local prisoners, including the transportation and security for prisoners requiring removal from the facility for emergency medical services. All costs associated with hospital or health care services provided outside the facility will be paid directly by the Federal Government. In the even the Local Government has a contract with

> a medical facility/physician or receives discounted rates, the
> federal prisoners shall be charged the same rate as loca prisoners.

In light of the contractual provisions between the Federal Government and the Sangamon County Sheriff's Department, any claim for reimbursement of medical bills or any award of damages for medical bills could never be assessed against the Sangamon County Sheriff's Department. The Intergovernmental Agreement is attached as EXHIBIT A to this motion. The cost of the medical services is not a harm that the Sangamon County Sheriff's Department could cause to Plaintiff in light of the contract. Thus, Plaintiff should be prevented from arguing that the Sangamon County Jail is responsible for the costs of the medical services incurred and the jury should not be allowed to access a damage award for medical bills against the Sangamon County Sheriff's Department in light of the contractual provisions of the Intergovernmental Agreement.

| _____ | _____ | _____ | _____ |
| ALLOWED | DENIED | RESERVED | N/A |

## MOTION IN LIMINE NO. 26

**Admission of fact pursuant to Local Rule 7.1 (D)(2)(b)(6)**

Defendants move for an order in limine deeming paragraphs as admitted facts for purposes of trial. In response to Defendants, Brauer and Ramsey's Motion for Summary Judgment, Plaintiff failed to respond to the Nurses Undisputed Material Facts ¶¶11, 48, 57, 81, 95, 96, 125, 126, 128, and 129. These paragraphs are as follows:

11. Defendant Dr. Joseph Maurer ("Dr. Maurer") was the Sangamon County Jail medical director in 2006-2007 and was responsible for the overall care and health of the inmates, including Plaintiff.

48.     Dr. Maurer was not expected to follow up with the Plaintiff again if his symptoms resolved.

57.     Dr. Maurer saw Plaintiff again on February 28, 2007, at which time Nurse Ramsey was present. Plaintiff reported that he felt fine; he had lost some weight (at that point, he weighed 177 pounds), was on a regular diet, and his lungs were clear. Plaintiff was by told by Dr. Maurer to return in two months.

81.     The nurses called Dr. Maurer, who issued an order to send Plaintiff to St. John's Hospital for evaluation.

95.     In his review of the medical records and depositions in this case, Dr. Giffin did not find any incidents where he felt the nurses were intentionally trying to harm Mr. Kincaid.

96.     Dr. Giffin did not find any evidence that the nurses were consciously disregarding Mr. Kincaid's medical needs, either.

125.    On June 14, 2011, Plaintiff told Dr. Szoke he exercised daily by walking the track at his own pace.

126.    From a medical standpoint, weight is an important vital sign, just like blood pressure or temperature.

128.    Plaintiff admitted Nurse Ramsey was a good nurse.

129.    Plaintiff concedes that the medical records of the Sangamon County Jail were correct.

Pursuant to Local Rule 7.1 (D)(2)(b)(6), if a party fails to respond to any numbered fact, such will be deemed an admission of that fact. Since Plaintiff failed to respond to these paragraphs, they should be deemed admitted and Plaintiff's witnesses should be barred from testifying otherwise.

_____       _____       _____       _____
ALLOWED          DENIED           RESERVED         N/A

# MOTION IN LIMINE NO. 27

**Bar any testimony from Steve Collins as to what Attorney Jon Gray Noll allegedly told him**

Defendants anticipate that Plaintiff's witness, Steve Collins will try to bolster his testimony with alleged comments and statements he claims Jon Noll made to him about Plaintiff and his medical condition. The deposition of Jon Noll was taken on August 12, 2015 and Mr. Noll refuted many of the alleged statements Steve Collins claims were made in his deposition. Defendants request an order instructing Plaintiff's counsel to inform Mr. Collins that any statements made to him about Paul Kincaid are hearsay and have been refuted by Mr. Noll. Under Fed. R. Evid. 801, hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence, to prove the truth of the matter asserted." FRE 801. Since any comments by Mr. Noll are hearsay, Mr. Collins cannot testify about statements he thinks Mr. Noll made to him.

_____      _____      _____      _____
ALLOWED          DENIED             RESERVED          N/A

# MOTION IN LIMINE NO. 28

**Time spent litigating the case or to bring the case to trial**

The amount of time which has elapsed since the Plaintiffs' complaint was originally filed and the case at bar is irrelevant to the issues to be decided by the jury. Plaintiffs should not be allowed to comment upon or ask the jury to draw any adverse inference from the length of time that has expired since their complaint was originally filed. Not only is the evidence completely irrelevant, it would be prejudicial and introduce error into the trial.

_____      _____      _____      _____
ALLOWED          DENIED             RESERVED          N/A

# MOTION IN LIMINE NO. 29

**Bar any testimony or argument on punitive damages**

Bar Plaintiff, his attorneys and witnesses from mentioning or referring in the presence of the jury that he is making a claim for punitive damages unless and until he satisfies the Court that he has evidence that satisfies the requirements for punitive judgment. It would be extremely unfair to all Defendants for the Plaintiff in opening statement and thereafter to make reference to the fact that this is a "punitive damages case" without first showing to the court that it had evidence of facts sufficient to support such a claim. Defendants will be prejudiced with reference to the compensatory damage aspect of this case if the jury is led to believe this is a "punitive damage case." They will be looking for, expecting, and possibly reading into the evidence that is presented, evidence of malice or reckless indifference to federally protected rights. To assess punitive damages, there must have been some wilful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Smith v. Wade*, 461 U.S. 30 (1983). After the close of evidence the Court can then make a ruling on whether the issue of punitive damages should be presented to the jury.

_____  _____  _____  _____
ALLOWED        DENIED        RESERVED        N/A

# MOTION IN LIMINE NO. 30

**Bar any testimony or argument this motion was filed**

The granting of this pretrial Order is proper because the evidence sought to be excluded is specifically stated so as to show it to be inadmissible and prejudicial. The moving party should be spared the necessity of calling attention to it by objecting when it is offered at trial.  Motions in limine are favored by the courts, and the filing of same is not admissible before the Jury.

_____          _____          _____          _____
ALLOWED               DENIED                 RESERVED              N/A


Defendants reserve the right to object to individual testimony and evidence during the actual trial of this matter.

    Dated:  August 20, 2015    Respectfully submitted,

              /s/ Raylene DeWitte Grischow
              Raylene DeWitte Grischow #6257514
              E-mail:  rgrischow@hinshawlaw.com
              Hinshaw & Culbertson LLP
              400 South Ninth Street, Suite 200
              Springfield, IL 62701
              Telephone: 217-528-7375
              Facsimile: 217-528-0075
              Attorney for Defendants NEIL WILLIAMSON, TERRY DURR, RON BECKNER, WILLIAM STRAYER, OFFICER CANDACE CAIN, LEE ANNE BRAUER, R.N. and LUCY RAMSEY, L.P.N.

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015, I electronically filed the foregoing **Defendants' Motions in Limine** with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

| | | |
|---|---|---|
| **John F. Watson** | **E-mail:** | **jfw@craiglaw.net** |
| **John Patrick Lee** | **E-mail:** | **jpl@craiglaw.net** |
| **Gerard A. Brost** | **E-mail:** | **Gerard.brost@usdoj.gov** |
| **Gregory M. Gilmore** | **E-mail:** | **greg.gilmore@usdoj.gov** |
| **Christian D. Biswell** | **E-mail:** | **biswell@dnmpc.com** |
| **Barbara K. Myers** | **E-mail:** | **bmyers@hinshawlaw.com** |

and I hereby certify that on August 20, 2015, I mailed a true and correct copy of the foregoing document via the United States Postal Service, first-class postage pre-paid to the following non-registered participants: NONE

/s/ Raylene DeWitte Grischow
Raylene DeWitte Grischow #6257514
E-mail: rgrischow@hinshawlaw.com
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075