UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL E. KINCAID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:09-cv-03053-SEM-TSH |
| ) | |
| JEFF COWDREY, *et al.*, ) | District Court Judge: Sue Myerscough |
| ) | Magistrate Judge: Thomas Schanzle- |
| Defendants. ) | Haskins |
| ) | |

## MOTION IN LIMINE TO BAR EVIDENCE OF UNDISCLOSED MEDICAL OPINIONS OF DR. JOHNSON

Defendant, Joseph Maurer, M.D. for his MOTION IN LIMINE TO BARE UNDISCLOSED MEDICAL OPINOINS OF DR. JOHNSON, hereby move the Court for an Order, in limine, barring Plaintiffs, their attorneys, and all witnesses called on their behalf from attempting to introduce any evidence of, or making any direct or indirect references to, the following matters in the hearing or presence of potential or seated jurors:

**That Dr. Paul Johnson said to Steve Collins that Paul Kincaid needed to be hospitalized(or any other purported statements attributed to Paul Johnson, M.D.)**

1.      During the evidence deposition of John Noll, there were questions regarding a memorandum dated April 4, 2007. The memorandum was prepared by an employee of Mr. Noll, Wanda Jones. The memorandum was based on an audio recording left by Mr. Steve Collins on the Noll Law Office message recorder. See Exhibit

A, Deposition of Mr. John Noll, Page 56, Line 9 through Page 68. Counsel's copy of Noll Exhibit 5 is attached for the convenience of the court.

2.  Noll Exhibit 5 contains the statement that, "Collins stated that he had spoken with Dr. Johnson, who is Kincaid's personal physician, and that Dr. Johnson believes that Kincaid needs further medical attention, given the symptoms that Collins relayed to him."

3.  This is classic hearsay within hearsay. Here there are at least five layers of hearsay at issue—the statement by Johnson to Collins to the voice recorder to Ms. Jones to the memorandum. Before multi-layer hearsay can be admitted, each part of the combined statement must come within an exception. **Fed.R.Evid. 805**. Arguably, the only link that can be met is the business record exception which is the last step in the five layers of hearsay embodied by the memorandum. But the purported statement of Dr. Johnson to Collins is hearsay to which no exception applies.

4.  The test for determining whether statements relating to the cause of an injury are admissible under **Fed. R. Evid. 803(4)** is whether such statements are of the type reasonably pertinent to a physician in providing treatment. *Gong v. Hirsch*, 913 F.2d 1269 (7th Cir. 1990). This is not a statement where Kincaid was seeking medical attention from Dr. Johnson. Dr. Johnson was not providing treatment at the time of the statement. Therefore, the statement fails to meet the fundamental test at its most basic level.

5. Furthermore, the exception does not apply at all to statements made <u>by the physician</u>, only to those made by the patient. As stated in ***Bombard v. Fort Wayne Newspapers***, 92 F.3d 560, 564 (7th Cir. 1996),

> " The Rule excepts statements made by a person seeking medical attention to the person providing that attention. Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient."

Thus, Dr. Johnson's purported statement does not come within the exception the statement was purportedly made by Dr. Johnson and not by the patient.

6. It is inherently untrustworthy. First, the memorandum is not a verbatim recitation, rather a summary of what Collins said. Second, the memorandum refers to "given the symptoms". The symptoms—whatever they were—could only come from Mr. Kincaid, thereby adding another layer of hearsay. We have no idea whether this conversation even occurred between Johnson and Collins. We do not know when this communication occurred, if it occurred. We have no idea what symptoms were relayed to Dr. Johnson. We have no idea what Dr. Johnson or Collins knew of the care being given at that point in time. We have no idea what Dr. Johnson actually said to Collins if the conversation occurred. The medical records of Dr. Johnson were obtained in discovery and they do not reflect any such phone communication between Dr. Johnson and Mr. Collins. Thus, even if an exception were met, the statement is inherently unreliable.

7. The statement constitutes an undisclosed opinion by an expert witness. There is no reference in Dr. Johnson's records that this conversation occurred, thus, if it did occur, Plaintiff needed to present Dr. Johnson.

Wherefore, Defendant, Joseph Maurer, M.D. requests this honorable court enter an order in limine exclude evidence, reference, argument or inference by Plaintiff, witnesses, and counsel that Dr. Johnson expressed to anyone that Paul Kincaid should be hospitalized.

By  s/Christian D. Biswell
Christian D. Biswell, #06274580
DRAKE, NARUP & MEAD, P.C.
107 East Allen Street
Springfield, Illinois 62704
Phone: (217) 528-9776
Email: Biswell@dnmpc.com
*Attorney for: JOSEPH MAURER, M.D.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAUL E. KINCAID,         )<br>                                    )<br>          Plaintiff,        )<br>                                    )<br>v.                                )<br>                                    )<br>JEFF COWDREY, *et al.*,   )<br>                                    )<br>          Defendants.   )<br>                                    ) | Case No.: 3:09-cv-03053-SEM-TSH<br><br>District Court Judge: Sue Myerscough<br>Magistrate Judge: Thomas Schanzle-Haskins |

### *CERTIFICATE OF SERVICE AND FILING*

Under penalties as provide by law pursuant to 735 ILCS 5/1-107 of the Code of Civil Procedure, the undersigned certifies that on August 21, 2015 we caused service of the following document:

Defendant Joseph Maurer's MOTION IN LIMINE TO BARE UNDISCLOSED MEDICAL OPINOINS OF DR. JOHNSON be made by e-mailing true and correct copies thereof to:

| | |
|---|---|
| Raylene DeWitte Grischow | rgrischow@hinshawlaw.com |
| Gerald A. Brost | gerard.brost@usdoj.gov |
| John F. Watson | jfw@craiglaw.net |
| J. Patrick Lee | jpl@craiglaw.net |
| Greg M Gilmore | greg.gilmore@usdoj.gov |

As requested by the Circuit Clerk of this Court, the original discovery was not filed with the Clerk of the Court, but was retained in our files. This Certificate of Service is being filed to certify that copies were served as stated herein.

By   s/Christian D. Biswell
Christian D. Biswell, #06274580